FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 20, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHEAL HANLEY BAUSCH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | NO: 2:18-CV-265-RMP<br><br>PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Stipulated Motion for Protective Order, ECF No. 48. Upon review of the stipulation and the record, the Court finds good cause, pursuant to Federal Rule of Civil Procedure 26(c), to **GRANT** the Motion at **ECF No. 48**. The Protective Order is set forth below.

**PROTECTIVE ORDER**

Under Rule 26(c) of the Federal Rules of Civil Procedure, a court, upon motion of a party and upon good cause shown, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Rule permits a court to order that "that the disclosure or

PROTECTIVE ORDER ~ 1

1  discovery may be had only on specified terms and conditions." Fed. R. Civ. P.
2  26(c)(2).  The Defendant United States requests this Protective Order pursuant to 5
3  U.S.C. § 552a(b)(11), to provide for the disclosure of personally identifying
4  information that is contained in certain federally assisted healthcare centers and/or
5  government documents, and which records and materials may be subject to disclosure
6  under Fed. R. Civ. P. 26.

7       The United States also seeks this protective order under Rule 26(c)(1)(B) for
8  the purpose of adequately protecting third party personal identifiable information (PII)
9  and the privacy interests in other non-party employees of federally assisted health care
10  centers and/or other government sensitive records, which contain confidential and/or
11  sensitive personal and personnel information of third party employees, including
12  education and medical background, and which are entitled to be protected and kept
13  confidential, and this order is needed to ensure that protection is afforded only to
14  material so entitled.

15       This Court has significant discretion in granting a protective order to prevent "a
16  party or [third party] person from annoyance, embarrassment, oppression, or undue
17  burden or expense." Fed. R. Civ. P. 26(c); *See Gautheir v. Hoye*, 52 Fed. Appx. 28, 29
18  (9th Cir. 2002).  Here, nonparty employees would be subject to annoyance and
19  embarrassment if personnel files, credentialing files, Privacy Act protected information
20  and/or other personal and personnel information were openly or publicly revealed and
21  widely disseminated. *See also Travis v. Fluor Hanford, Inc.,* No. CV-06-5-17-LRS,

PROTECTIVE ORDER ~ 2

2007 WL 1074890, *1 (E.D. WA April 5, 2007) (granting a protective order, preventing or limiting the production of confidential personnel information regarding employees not a party to the plaintiffs action, except with regard to allegations of bias and misconduct).

The United States asserts that absent a protective order, a violation of a non-party's interests and/or the Privacy Act, which protects the privacy interests of non-parties/ employees, could subject the involved government agency, sub-agency, entity or sub-entity to potential civil liability under 5 U.S.C. § 552a(g).  Because the Privacy Act of third parties may be implicated here (i.e., deemed employees of federally assistant health centers), and because the subject requested discovery documents contain personally identifiable information of non-parties that may be prohibited from disclosure to third parties under the Privacy Act and/or other privacy statutes, regulations, laws or other governmental privileges, absent a waiver from each individual, then, without conceding that point, Plaintiffs agree to the resolution of this issue with the entry of this Protective Order.

Absent other applicable privileges, protected information may include, but is not limited to the nonparties' names, ages, addresses, phone numbers, etc.  Additionally, the documents may contain information such as federal and state officers and agents' names.  The United States may redact personal identifying information (*inter alia,* non-party family and extended family information) and may assert additional privileges, but is not refusing to provide personnel and/or professional credential information.  Rather,

PROTECTIVE ORDER ~ 3

the United States requests that these particularized subjects of information be marked as confidential and used only for the purposes of this litigation, and thereafter be destroyed.  *See e.g., May v. Fedex Freight Southeast, Inc.*, Civil Action No. 07-660-B-M2, 2009 WL 1605211, *3 (M.D. La June 8, 2009) (rejecting proposed protective order deeming *all* nonparty personnel documents with PII "confidential").

This Stipulated Protective Order ("Protective Order") shall govern the treatment and handling of all non-party personal identification information (PII), personal and personnel records, which records and/or information are designated by the parties and/or by the Court as containing *confidential* information, including, but not limited to, records of non-party employees and/or agents of the federally assisted healthcare clinic, HHS, HRSA, and/or the United States.

Therefore, in the interest of expediting the flow of discovery material between the parties, and to help facilitate the prompt resolution of disputes over confidentiality, it is pursuant to the court's authority under Fed. R. Civ. P. 26(c) and the Privacy Act, and with the stipulation and consent of the parties, that the following Protective Order will apply to appropriate records and information within personnel and/or credential files or records produced by the United States in its discovery disclosures and responses:

1. Pursuant to 5 U.S.C. § 552a(b)(11), and subject to the conditions described below, Defendant is authorized to release to Plaintiff's counsel and counsel for other parties certain government or public health clinic records, and information containing what Defendant asserts is or may be Privacy Act and/or otherwise

PROTECTIVE ORDER ~ 4

protected personal personnel information of non-party individuals – government employees.  Without determining the issue, Defendant may disclose the information contained within the government's or its deemed public health clinic's files and records to Plaintiff's counsel without obtaining prior written consent of each of the individuals to whom the records pertain, and such authorized disclosure shall not violate the Privacy Act.  5 U.S.C. § 552a(b)(11); *see also Gilbreath v. Guadalupe Hosp. Foundation Inc.*, 5 F.3d 785, 791 (5th Cir. 1993);

    2.    Pursuant to Federal Rule of Civil Procedure 26(c)(1)(B), Defendant may disclose documents and information to Plaintiff's counsel that may be protected from disclosure by an investigative or law enforcement agent or officer, without waiving privileges outside of this litigation and/or to third parties;

    3.    The parties shall take reasonable and diligent steps to protect the privacy interests of the subject third-party individuals referenced within the disclosed discovery materials.  Plaintiff's and/or co-defendants' counsel shall not copy or disseminate any records and/or information marked "confidential and/or privileged," as provided by the Defendant United States, except as otherwise provided in this Order or as otherwise permitted by the Court.

    4.    These documents shall be used by the parties only for purposes of litigating this case, including any subsequent appeals.  Persons receiving copies of protected documents or the contents of protected documents subject to this Protective Order shall not use such documents or other information for any other purpose.

5.      At the conclusion of this litigation, including any subsequent appeals, the parties' counsel will retrieve all copies of the documents that they have provided to staff and/or experts, and will destroy the copies or return them to the U.S. Attorney's Office for the Eastern District of Washington, in care of the assigned Assistant U.S. Attorney or her/his designee.  If the documents that are retrieved by counsel are destroyed, counsel shall so notify the U.S. Attorney's designee in writing;

6.      If the parties intend to file documents containing personally identifiable information (PII) or privileged information or designated *confidential* information in the Court file or plan to use them as exhibits to depositions, they shall take steps to protect the privacy of the individuals identified in these records through redaction or other means of suppressing PII or other confidential material.  Defendant asserts this is required by the U.S. District Court Eastern District of Washington, ECF Administrative Procedures, § VI(C), Privacy Concerns (May 6, 2015) and Rule 5.2 of the Federal Rules of Civil Procedure.  Unless redacted, both parties shall protect the "Privileged and/or Confidential" marked information by moving to file such documents under seal.  At that time, the Court will evaluate the documents under the relevant Federal Rules and Ninth Circuit precedent to determine whether and to what extent the documents should be sealed.  *See* Fed. R. Civ. P. 26(c); Fed R. Civ. P. 5.2; Kamakana v. City and Cty. of Honolulu, 447 F.3d 1172 (2006);

7.      All information that is asserted by either party as privileged under the law enforcement or other investigative privilege, the attorney work-product doctrine

PROTECTIVE ORDER ~ 6

1  and/or the attorney-client privilege, or other designated privilege, that is produced or

2  presented in this action only may be used by the parties, members of their legal teams

3  (i.e., lawyers, paralegals, investigators, support staff), and all persons retained by the

4  parties (i.e., outside investigators, consultants, expert witnesses), and only for the

5  purpose of litigating this litigation.  Neither party shall disclose these materials or the

6  content of these materials to any other persons or agencies without prior Court order.

7  This Order shall continue in effect after the conclusion of the proceedings.  Any

8  modification or vacating of this Order shall only be made upon notice to and an

9  opportunity to be heard from both parties.

10         8.     Defendant and its officers, employees, or attorneys, shall not bear any

11  responsibility or liability for any unauthorized disclosure of any documents obtained

12  by Plaintiffs and/or their counsel, co-defendants and/or their counsel, under this

13  Protective Order, or of any information contained in such documents.  Plaintiff shall

14  not bear any responsibility or liability for any unauthorized disclosure of any

15  documents obtained by Defendant's counsel under this Protective Order, or of any

16  information contained in such documents.

17         9.     To the extent the United States' discovery disclosures may involve a

18  limited waiver of the agency investigative, law enforcement privilege, the attorney

19  work product doctrine, and/or the attorney-client privilege, a limited, restricted waiver

20  applies to material that may be relevant to the U.S. Attorney's Office, U.S. Department

21

PROTECTIVE ORDER ~ 7

1   of Justice or other criminal investigation (if any) and/or any referred cases involving the

2   issues alleged in this litigation.

3       10.    All persons having access to confidential information made available

4   pursuant to this agreement shall agree not to make any use of said confidential

5   information except in connection with the above-captioned litigation and shall further

6   agree not to deliver or transfer said confidential information to any person not

7   previously authorized by the terms herein.

8       11.    Counsel disclosing confidential information to any person or entity shall be

9   responsible for limiting distribution of the confidential information to those persons

10  who both: (1) have a need to know the information and (2) are authorized to receive the

11  information under this Protective Order. Counsel shall be prepared to account for the

12  disposition and use of the information under this Protective Order.

13      12.    All copies of confidential information disclosed under this agreement shall

14  be subject to the same restrictions as imposed on the original information.

15      13.    All documents, materials, and information designated as confidential and

16  disclosed to any person pursuant to this Protective Order shall remain in the possession

17  only of the attorneys, experts, or consultants to whom they are disclosed as provided by

18  the Protective Order. The parties or their attorneys may not retain any documents,

19  materials, or information designated as confidential pursuant to this Protective Order

20  after the conclusion of this litigation.

21

PROTECTIVE ORDER ~ 8

14.     Documents, materials, and information designated as confidential pursuant to this Order may be disclosed in regular proceedings of this Court and/or by agreement of the attorneys until trial, at trial the Court shall determine whether the Order shall remain in force.  Exhibits, unless redacted, shall be marked "CONFIDENTIAL" and shall be:  a) filed as proposed sealed documents and accompanied by a motion to seal, pursuant to this Order; b) designated as an Exhibit containing confidential material subject to the Court's Protective Order; and c) a copy of the exhibit shall be promptly served upon opposing counsel in accordance with Rule 5 (i.e., emailing to ECF registered account complies with requirement).

15.     The confidential documents, materials, or information set forth to facilitate discovery in this case may nonetheless be used at trial in accordance with the Court Rules, the Rules of Evidence, the Local Rules, and applicable federal statutes and regulations (i.e., Privacy Act, et al.).  However, any party or interested third party may apply to this Court for additional protection regarding the protected use at trial of any discovery produced in this case.  Such motions should be filed contemporaneous with the parties' respective *motions in limine*, but will nonetheless be handled on an individual basis.

16.     No further modification or amendment of this Protective Order is permitted except by a writing signed by counsel for the parties and approved by the Court.  The parties hereto agree that it is unreasonable to rely on any oral modification or amendment of this agreement.

17. The failure to insist upon full compliance with any of the terms of the Protective Order in any instance shall not be deemed to be a waiver of the right to insist upon full compliance with those terms thereafter.

18. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record produced (or withheld), other than objections based on the Privacy Act and/or the investigative, law enforcement privilege, attorney-client privilege, and/or attorney work-product doctrine.

19. By stipulated entry of this Protective Order, the parties and their respective counsel certify that prior to the disclosure of any confidential information to anyone associated with the preparation of their case (i.e., experts, consultants, etc.) that the proposed recipient of the *confidential* information will be provided with a conformed copy of this Protective Order.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** April 20, 2020.

                                    *s/ Rosanna Malouf Peterson*
                                    ROSANNA MALOUF PETERSON
                                    United States District Judge

PROTECTIVE ORDER ~ 10